UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RYAN INDIANA CURRY,<br><br>    Plaintiff,<br><br>    v.<br><br>ROLLIN, et al.,<br><br>    Defendants. | No. 2:23-cv-00791-TLN-EFB (PC)<br><br>ORDER |

Plaintiff is a state prisoner proceeding without counsel in this action brought pursuant to 42 U.S.C. § 1983. In addition to filing a complaint, plaintiff has filed an application to proceed in forma pauperis pursuant to 28 U.S.C. § 1915 and a motion to preserve evidence.

<u>Leave to Proceed In Forma Pauperis</u>

Plaintiff's application makes the showing required by 28 U.S.C. § 1915(a)(1) and (2). Accordingly, by separate order, the court directs the agency having custody of plaintiff to collect and forward the appropriate monthly payments for the filing fee as set forth in 28 U.S.C. § 1915(b)(1) and (2).

<u>Screening Standards</u>

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must identify cognizable claims or dismiss the complaint, or any portion

1

of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief." *Id.* § 1915A(b).

A pro se plaintiff, like other litigants, must satisfy the pleading requirements of Rule 8(a) of the Federal Rules of Civil Procedure. Rule 8(a)(2) "requires a complaint to include a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 554, 562-563 (2007) (citing *Conley v. Gibson*, 355 U.S. 41 (1957)). While the complaint must comply with the "short and plaint statement" requirements of Rule 8, its allegations must also include the specificity required by *Twombly* and *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

To avoid dismissal for failure to state a claim a complaint must contain more than "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555-557. In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." *Iqbal*, 556 U.S. at 678.

Furthermore, a claim upon which the court can grant relief must have facial plausibility. *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. When considering whether a complaint states a claim upon which relief can be granted, the court must accept the allegations as true, *Erickson v. Pardus*, 551 U.S. 89 (2007), and construe the complaint in the light most favorable to the plaintiff, *see Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974).

Screening Order

Plaintiff's complaint (ECF No. 1) alleges that on June 16, 2022, he experienced throat pain but tested negative for Covid-19. Later that day, plaintiff was forced to move into a housing unit meant to isolate inmates who tested positive for Covid-19. Correctional officer Rollin heard a nurse inform plaintiff that he should not be housed with the Covid-positive inmates. Rollin's

response was to inform plaintiff that he should write to Todd Murry and Captain Brown, as they "were in charge of the Covid-19 protocols and the building." ECF No. 1 at 4. Plaintiff did as he was instructed but received no response from either Murry or Brown. Plaintiff filed numerous grievances and even taped his Covid-negative test results to the outside of his door for staff to see. Medical staff continued to acknowledge that plaintiff should not be housed with Covid-positive inmates, but plaintiff was not moved. Plaintiff "continually warned" defendants Rollin, Kelly, Duty, Murry, and Brown that his health was "in serious danger," but they did not do anything. Plaintiff contracted Covid-19 and takes "medication due to the after effects . . . ." *Id.*

Plaintiff asserts Eighth Amendment deliberate indifference to safety claims against all defendants. To establish a constitutional violation "based on a failure to prevent harm, the inmate must show that he is incarcerated under conditions posing a substantial risk of serious harm." *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). An inmate's Eighth Amendment rights are violated by a prison official if that official exposes an inmate to a "substantial risk of serious harm," while displaying "deliberate indifference" to that risk. *Id.* An official, however, is only liable if the "culpable action, or inaction[ ] is directly attributed to them." *Starr v. Baca*, 652 F.3d 1202, 1205 (9th Cir. 2011)). Further, a plaintiff must have suffered some type of pain or harm that is more than *de minimis* in order to implicate the Eighth Amendment. *See, e.g., Shapley v. Nevada Bd. of State Prison Comm'rs*, 766 F.2d 404, 407 (9th Cir. 1985) ("delay of surgery, without more, is insufficient to state a clam of deliberate medical indifference ... unless the denial was harmful").

Plaintiff has alleged that defendants knew plaintiff faced a substantial risk of contracting Covid-19 by housing plaintiff with Covid-positive inmates. Plaintiff has not, however, sufficiently alleged that his housing assignment was directly attributable to any defendant. The alleged "culpable action or inaction" in this case is housing plaintiff with Covid-positive inmates in the first instance and not removing plaintiff from that housing after the fact. Yet plaintiff does not allege who made the decision to house him with Covid-positive inmates in the first place or who had the authority to remove him from that housing. The allegation that defendants Murry and Brown "were in charge of the Covid-19 protocols and the building" does not satisfactorily

link either of those defendants to the culpable action or inaction in this case. For this reason, plaintiff's Eighth Amendment claim cannot survive screening.

Furthermore, plaintiff has not sufficiently alleged more than *de minimis* harm from defendants' alleged deliberate indifference to his health and safety. Plaintiff alleges only that he contracted Covid-19 and is still taking medication. In any amended complaint, plaintiff should show how contracting Covid-19 harmed him, for example, what symptoms he experienced, if any, and why he is still taking medication.

## Leave to Amend

Plaintiff's complaint is dismissed with leave to amend. If plaintiff chooses to file an amended complaint it should observe the following:

Any amended complaint must identify as a defendant only persons who personally participated in a substantial way in depriving him of a federal constitutional right. *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978) (a person subjects another to the deprivation of a constitutional right if he does an act, participates in another's act or omits to perform an act he is legally required to do that causes the alleged deprivation). The complaint should also describe, in sufficient detail, how each defendant personally violated or participated in the violation of his rights. The court will not infer the existence of allegations that have not been explicitly set forth in the amended complaint.

The amended complaint must contain a caption including the names of all defendants. Fed. R. Civ. P. 10(a).

Plaintiff may not change the nature of this suit by alleging new, unrelated claims. See *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007).

Any amended complaint must be written or typed so that it so that it is complete in itself without reference to any earlier filed complaint. E.D. Cal. L.R. 220. This is because an amended complaint supersedes any earlier filed complaint, and once an amended complaint is filed, the earlier filed complaint no longer serves any function in the case. See *Forsyth v. Humana*, 114 F.3d 1467, 1474 (9th Cir. 1997) (the "'amended complaint supersedes the original, the latter

/////

4

being treated thereafter as non-existent.'") (quoting *Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967)).

Finally, the court notes that any amended complaint should be as concise as possible in fulfilling the above requirements. Fed. R. Civ. P. 8(a). Plaintiff should avoid the inclusion of procedural or factual background which has no bearing on his legal claims.

### Motion to Preserve Evidence

Plaintiff requests that the court order High Desert State Prison to preserve all video footage recorded from June 16, 2022 through June 30, 2022. ECF No. 8. According to plaintiff, HDSP only keeps records for a limited amount of time. *Id.* Once a potential claim is identified, however, the parties have a duty to preserve evidence that they "know[ ] or reasonably should know is relevant to the action." *In re Napster, Inc. Copyright Litig.*, 462 F. Supp. 2d 1060, 1067 (N.D. Cal. 2006) (internal citations omitted). Plaintiff has not demonstrated a need for a preservation order at this time. Accordingly, the court will deny plaintiff's motion as unnecessary.

### Conclusion

Accordingly, IT IS ORDERED that:

1. Plaintiff's application to proceed in forma pauperis (ECF No. 2) is GRANTED;
2. Plaintiff shall pay the statutory filing fee of $350. All payments shall be collected in accordance with the notice to the California Department of Corrections and Rehabilitation filed concurrently herewith;
3. Plaintiff's complaint (ECF No. 1) is DISMISSED with leave to amend within 30 days of service of this order;
4. Failure to comply with this order may result in dismissal of this action for the reasons stated herein; and
5. Plaintiff's motion to preserve evidence (ECF No. 8) is denied as unnecessary.

Dated: June 9, 2023.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE