UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RYAN INDIANA CURRY, | No. 2:23-cv-00791-TLN-EFB (PC) |
| Plaintiff, | |
| v. | ORDER |
| T. ROLLAND, et al., | |
| Defendants. | |

Plaintiff is a state prisoner proceeding without counsel in an action brought under 42 U.S.C. § 1983. Currently before the court are (1) plaintiff's motion for reconsideration of the court's ruling declining to enter an order compelling defendants to preserve certain video evidence (ECF No. 36) and (2) motions by both plaintiff and defendants to modify the schedule (ECF Nos. 30, 41). For the reasons that follow, the motion for reconsideration is denied and the requests to modify the schedule are granted.

**I.   Background**

The case proceeds on plaintiff's first amended complaint. ECF No. 13. In screening that pleading, the court found potentially cognizable Eighth Amendment claims against defendants for housing plaintiff in a building designated for Covid-19 positive inmates even though plaintiff had tested negative for the virus, causing plaintiff to contract the virus and become very ill. ECF No. 14. Defendants answered the complaint on November 29, 2023. ECF No. 24, amended by ECF

1

No. 35.  The court issued a discovery and scheduling order on January 2, 2024, providing a discovery deadline of May 3, 2024 and a dispositive motion deadline of August 2, 2024.  ECF No. 28.

## II. Motion for Reconsideration

Since early in this case, plaintiff has asked the court for an order compelling defendants to preserve video footage taken at High Desert State Prison between June 16, 2022 and June 30, 2022.  The court denied (ECF No. 9) the first request (ECF No. 8) as well as plaintiff's request for reconsideration (ECF No. 12).  ECF No. 14.  Plaintiff has filed a second request for reconsideration.  ECF No. 36.  According to plaintiff, the video footage will prove all of his claims.  Yet plaintiff does not inform the court why he did not seek this footage during discovery.  As the court has informed plaintiff, no court order is necessary to trigger a defendant's duty to preserve evidence he knows or should reasonably know is relevant to the action.  *In re Napster, Inc. Copyright Litig.*, 462 F. Supp. 2d 1060, 1067 (N.D. Cal. 2006).  It is plaintiff's obligation to marshal the evidence in support of his claims via the discovery mechanisms provided by the Federal Rules of Civil Procedure.  Absent any indication that defendants have kept this evidence from plaintiff despite plaintiff's diligent efforts to obtain it (such as discovery requests or institutional administrative requests), the court will not reconsider its prior ruling denying the requested order.

## III. Motions to Modify the Schedule

*Plaintiff's Motion*.  Plaintiff asks the court to extend the discovery period by 30-days.  ECF No. 37.

Federal Rule of Civil Procedure 16(b)(4) provides: "A schedule may be modified only for good cause and with the judge's consent."  Courts considering a request to modify a schedule under Rule 16(b)(4) look primarily to the whether the party seeking modification could not reasonably meet the deadline despite his diligence.  *Johnson v. Mammoth Recreations*, 975 F.2d 604, 609 (9th Cir. 1992).  While the focus is primarily on the moving party's diligence, "the existence or degree of prejudice to the party opposing the motion might supply additional reasons to deny" the requested modification.  *Id.*

2

The court must consider additional factors where additional discovery is requested by an incarcerated, pro se plaintiff facing a summary judgment motion. *Jones v. Blanas*, 393 F.3d 918, 930 (9th Cir. 2004). "Though the conduct of discovery is generally left to a district court's discretion, summary judgment is disfavored where relevant evidence remains to be discovered, particularly in cases involving confined pro se plaintiffs." *Jones*, 393 F.3d at 930 (citing *Klingele v. Eikenberry*, 849 F.2d 409, 412 (9th Cir. 1988)). "Thus summary judgment in the face of requests for additional discovery is appropriate only where such discovery would be 'fruitless' with respect to the proof of a viable claim." *Id*. (quoting *Klingele*, 849 F.2d at 412).

Plaintiff informs the court that prison moves shortly before the deadline for serving discovery requests hampered his ability to serve such requests. Defendants oppose the request, arguing that plaintiff successfully served several discovery requests between the time he moved and the passing of the deadline. ECF No. 38. However, that plaintiff was able to successfully timely serve some requests does not mean that the moves did not hamper plaintiff's ability to serve additional requests. Indeed, plaintiff states that he was able to serve some requests only because of his prior preparation and planning. ECF No. 40. Defendants do not dispute that plaintiff was moved shortly before the deadline, nor do they dispute his representations regarding access to his property and the law library. Accordingly, the court will issue a revised schedule providing plaintiff with additional time to propound discovery.

*Defendants' Motion*. Defendants seek to modify the schedule as well, to delay the dispositive motion deadline. ECF No. 41. According to defendants, plaintiff failed to mail defense counsel certain exhibits to his deposition, delaying the finalization of the deposition. Plaintiff has not filed an opposition to defendants' proposed schedule modification. The court will grant the motion.

**IV.  Order**

Accordingly, it is ORDERED that:

1. Plaintiff's June 3, 2024 motion for reconsideration (ECF No. 36) is DENIED;
2. The motions to modify the schedule (ECF No. 37, 41) are GRANTED, and the schedule is modified as follows:

      a.  Plaintiff may conduct additional discovery until December 6, 2024. Discovery requests must be served by November 15, 2024. All motions to compel must be filed by December 6, 2024.

      b.  Dispositive motions shall be filed by January 3, 2025.

Dated: October 21, 2024

*[signature]*
EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE