UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RYAN INDIANA CURRY,<br><br>         Plaintiff,<br><br>    v.<br><br>ROLLIN, et al.,<br><br>         Defendants. | Case No. 2:23-cv-00791-TLN-EFB (PC)<br><br>ORDER |

Plaintiff is a state prisoner proceeding on claims brought under 42 U.S.C. § 1983. Defendants have submitted a motion to seal five pages of medical provider notes concerning plaintiff. Defendants intend to file a motion for summary judgment and will, in part, rely on these five pages as exhibits in support of their motion. Plaintiff's response to the motion does not specifically oppose the request but understandably expresses his confusion as to its contents, which have not yet been filed and were submitted via email per the court's local rules. ECF No. 47. Plaintiff also again asks the court to compel defendants to produce certain video footage. *Id.*

For the reasons that follow, the court denies both the motion to seal and the motion to compel.

/////

/////

1

**I.      Motion to Seal**

Local Rule 141 governs requests to seal documents. E.D. Cal. L.R. 141. That rule provides that documents may be sealed by order of the court upon the showing required by law. L.R. 141(a). It requires the party making the request to "set forth the statutory or other authority for sealing, the requested duration, the identity, by name or category, of persons to be permitted access to the other documents, and all other relevant information." L.R. 141(b).

The "showing required by law" referred to by our Local Rule is generally a high one. The court operates under a strong presumption in favor of access to court records. *Ctr. for Auto Safety v. Chrysler Group, LLC*, 809 F.3d 1092, 1096 (2016). Accordingly, a party seeking to file something under seal must present "compelling reasons" supporting the request.[1] *Id.* The compelling reasons standard requires the court to: (1) find a compelling reason supporting sealing the record and (2) articulate the factual basis for the sealing the record, without relying on hypothesis or conjecture. *Id.* at 1096-97. The court must conscientiously balance the competing interests of the public and the party who wishes to keep the documents private. *Id.* at 1097. "What constitutes a 'compelling reason' is 'best left to the sound discretion of the trial court.'" *Id.* (quoting *Nixon v, Warner Commnc'ns, Inc.*, 435 U.S. 589, 599 (1978)). Some examples of records for which there are compelling reasons to seal are: (1) records that could be used to gratify private spite or promote public scandal; (2) records containing libelous statements; and (3) records that contain business information that could be used to harm a litigant's competitive standing. *Id.*

Defendant seeks to seal exhibit 2 to the declaration of J. Barrett and exhibit 1 to the declaration of T. Murray, arguing that sealing is necessary to protect plaintiff's privacy rights because the exhibits contain his confidential health information. While protection of medical

---

[1] A lower standard – that of "good cause" – applies to requests to seal "materials attached to a discovery motion unrelated to the merits of a case." *Ctr. for Auto Safety*, 809 F.3d at at 1097; see also Fed. R. Civ. P. 26(c). This exception does not apply here. When a motion is "more than tangentially related to the merits of the case," the compelling reasons standard applies. *Id.* at 1102.

privacy can provide a compelling reason to seal evidence depending on their content, defendants have not demonstrated a need to seal these particular records.

Medical records are regularly filed on the public docket in cases that, like this one, involve claims of deliberate indifference. Beyond a conclusory notion that the publication of the exhibits will interfere with plaintiff's privacy interests, defendants have not shown a compelling reason justifying sealing. *See Chester v. King*, No. 1:16-cv-01257-DAD-GSA (PC), 2019 WL 5420213, at *2 (E.D. Cal. Oct. 23, 2019) (denying a motion to seal an exhibit in support of a motion for summary judgment that includes "health information, medical history, and treatment records pertaining to Plaintiff's Hepatitis C diagnosis, which are at issue in this case"). The court has reviewed the records and finds that their content, although relevant to the claims pursued by plaintiff, is nonetheless routine and exceedingly unlikely to be used for an improper purpose. Rather, the records are mundane documentation of a few of plaintiff's interactions with medical staff. Further, the copies submitted in camera by defendants have already been redacted to remove some identifying information. If defendants believe that further redactions are needed, that option rather than sealing the entirety of the documents is the appropriate remedy. Therefore, defendants' request to seal will be denied.

**II.     Motion to Compel**

Plaintiff once again asks the court to compel defendants to produce certain video footage. ECF No. 47. Plaintiff does not inform the court whether he sought the footage from defendants during discovery and, if he did, what defendants' response was. As the court has informed plaintiff, it is his obligation to marshal the evidence in support of his claims via the discovery mechanisms provided by the Federal Rules of Civil Procedure. Absent any indication that defendants have kept this evidence from plaintiff despite plaintiff's diligent efforts to obtain it (such as discovery or institutional administrative requests), the court must deny plaintiff's motion to compel.

/////

/////

/////

**III.   Order**

Accordingly, it is hereby ORDERED that:

1. Defendants' September 25, 2024 motion to seal (ECF No. 45) is DENIED; and

2. Plaintiff's October 15, 2024 motion to compel (ECF No. 47) is DENIED.

Dated: November 19, 2024

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE