1

2

3

4

5

6

7

8

9                        UNITED STATES DISTRICT COURT

10                   FOR THE EASTERN DISTRICT OF CALIFORNIA

11

12    RYAN INDIANA CURRY,                     No. 2:23-cv-00791-TLN-EFB (PC)

13              Plaintiff,

14        v.                                  ORDER

15    ROLLIN, et al.,

16              Defendants.

17

18        Plaintiff is a state prisoner proceeding without counsel in an action brought under 42

19    U.S.C. § 1983.  Plaintiff initiated this action on April 26, 2023, and filed his first amended

20    complaint (FAC) on June 26, 2023.  ECF Nos. 1 and 13.  Plaintiff's FAC alleges that defendants

21    housed plaintiff in a building designated for COVID-19 positive inmates even though plaintiff

22    tested negative for the virus and medical personnel stated that he should not be housed there.

23    Plaintiff alleges that as a result, he contracted COVID-19 and became very ill.  After screening

24    the FAC, this court found that plaintiff's allegations stated potentially cognizable Eighth

25    Amendment deliberate indifference claims against all defendants.  ECF No. 14.  The court

26    subsequently filed discovery and scheduling orders.  ECF Nos. 28 and 48.  Plaintiff has now filed

27    three motions to compel.  ECF Nos. 50, 57, and 63.  Defendants have opposed all of the motions.

28    ECF Nos. 51, 59, and 64.  For the following reasons, plaintiff's motions to compel are all denied.

1

I.      **Plaintiff's Allegations**

Plaintiff is currently incarcerated at the California State Prison in Los Angeles County. ECF No. 33.  Plaintiff's claims against defendants for deliberate indifference under the Eighth Amendment arise from plaintiff's previous incarceration at High Desert State Prison (HDSP), where defendants were employed as correctional officers or medical personnel.  ECF No. 13.

According to plaintiff, in 2022 he was wrongly housed in a COVID-19 designated building (Facility C) that housed inmates that were sick with or positive for COVID-19.  ECF No. 13 at 4.  Plaintiff alleges that even though he tested negative for COVID-19, he was forced to move to Facility C.  A nurse told plaintiff he should not be housed with the COVID-19 positive inmates, and plaintiff informed defendants in writing that he had not tested positive for COVID-19.  Plaintiff subsequently contracted COVID-19, and suffered from, *inter alia*, fever, chills, shortness of breath, body aches, loss of taste and smell, and diarrhea.  Plaintiff alleges that he continues to suffer daily headaches as a result of his COVID-19 infection, for which he is required to take medication.  *Id.*

II.     **Analysis**

        **A. First Motion to Compel**

Plaintiff's first motion was filed on November 21, 2024, and claims that "all" of defendants' responses to his discovery requests were "evasive."  ECF No. 50 at 2.  Defendants oppose the motion; plaintiff did not file a reply.

Plaintiff served requests for admission and production on defendants on or around February 26, 2024.  ECF No. 51-1; Declaration of Chase Goldstein (Goldstein Decl.) ¶ 2.  In response, defendants served responses and objections on May 1, 2024, and 1,395 pages of responsive documents on June 1, 2024.  *Id.* at ¶¶ 3-5.  Plaintiff also served two sets of interrogatories to which defendants declined to respond, because they were served after the close of discovery.  *Id.* at ¶¶ 6-7; ECF No. 28.  The court subsequently extended the discovery deadline until November 15, 2024 (ECF No. 48), and plaintiff re-served his requests for admissions and interrogatories around November 11, 2024.  Goldstein Decl. ¶ 8.[1]

---

[1] At the time plaintiff filed his first motion to compel, defendants' responses to his re-

2

1    Defendants maintain that plaintiff's motion must be denied because it does not comply

2  with Federal Rule of Civil Procedure 37(a), which allows a party propounding discovery to seek

3  an order to compel when the opposing party has failed to respond or has provided evasive or

4  incomplete answers.  As the moving party, plaintiff bears the burden of informing the court of (1)

5  which discovery requests are the subject of his motion to compel, (2) which of defendants'

6  responses are disputed, (3) why he believes defendants' responses are deficient, (4) why

7  defendants' objections are not justified, and (5) why the information he seeks through discovery

8  is relevant to the prosecution of this action.  *James v. Scribner*, 2010 WL 2605634 at *1 (E.D.

9  Cal. June 28, 2010); *see also Smith v. Municipality of Fresno*, 2022 WL 5264982 at *1 (E.D. Cal.

10  July 27, 2002); *Ellis v. Cambra*, 2008 WL 860523 at *4 (E.D. Cal. Mar. 27, 2008) (finding that

11  "[p]laintiff must inform the court which discovery requests are the subject of his motion to

12  compel, and, for each disputed response, inform the court why the information sought is relevant

13  and why Defendant's objections are not justified.").

14    According to plaintiff, "all" of defendants' responses are evasive.  His only specific

15  example is defendants' response to plaintiff's first request for admission (ECF No. 51-1 at 29),

16  but even here plaintiff does not specify why the response is misleading or evasive, nor does he

17  attempt to explain the relevancy of the request.  As to the remaining requests, plaintiff asks this

18  court to compel defendants to "clearly" and "fully" respond to them, but he does not explain how

19  any of the responses or objections are deficient, and no obvious deficiencies stand out to the

20  court.  *See Masterson v. Campbell*, 2009 WL 2824754 at *2 (E.D. Cal. Sept. 1, 2009) (stating that

21  "[t]he court will not review each of plaintiff's discovery requests and each of defendants'

22  responses thereto in order to determine whether any of the defendants' responses are somehow

23  deficient.").  Plaintiff does not satisfy his burden in moving to compel further responses by

24  complaining generally that the responses are "evasive."  Accordingly, plaintiff's first motion to

25  compel must be denied.

26    **B.  Second Motion to Compel**

27  submitted interrogatories were not yet due.  To the extent plaintiff was moving this court to
compel responses to the interrogatories, such a motion was premature and is denied on that

28  ground.  *See, e.g., Suarez v. Clark*, 2023 WL 3635243 at *2 (E.D. Cal. May 24, 2023).

1     On January 13, 2025, plaintiff filed his second motion to compel.  ECF No. 57.  This

2     motion seeks unspecified video footage from June 16-23, 2022.  *Id.*   Defendants maintain that

3     this motion must be denied due to untimeliness and because plaintiff's motion did not comply

4     with the Federal Rules of Civil Procedure.  ECF No. 59.

5     The court-ordered deadline for motions to compel was December 6, 2024.  ECF No. 48.

6     Plaintiff's motion was filed more than a month after that date.  ECF No. 57.  In his reply to

7     defendants' opposition to the motion to compel, plaintiff does not address the timeliness of his

8     motion.  ECF No. 60.  "Pro se litigants must follow the same rules of procedure that govern other

9     litigants." *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987).  Had there been a reason that

10    plaintiff was unable to timely file his motion to compel, plaintiff could have – as he has done

11    previously (ECF No. 37) – filed a motion to extend the deadline.  Plaintiff did not do so.

12    In addition, like his first motion to compel, plaintiff's second motion to compel does not

13    comply with Federal Rule of Civil Procedure 37(a).  Plaintiff has not identified any specific

14    request for production of the video footage, or defendants' response to any such request.  As such,

15    the court cannot determine from plaintiff's filings "the nature of the alleged inadequacy of

16    production; the asserted bases for any refusal to produce or respond; [and] on what ground

17    plaintiff believes defendants' objections to be without merit." *Smith*, 2022 WL 5264982 at *1.

18    "While it is true that the Court does not hold litigants proceeding pro se to precisely the same

19    standards that it holds attorneys, Plaintiff still bears the burden of describing why a defendant's

20    particular response is inadequate." *James*, 2010 WL 2605634 at *1.  Because he did not do so,

21    and because his motion was untimely, plaintiff's second motion to compel (ECF No. 57) must be

22    denied.

23              **C.  Third Motion to Compel**

24    On March 31, 2025, plaintiff filed his third motion to compel.  ECF No. 63.  Once again,

25    plaintiff moves to compel the production of certain video footage, and once again defendants

26    oppose the motion.  ECF No. 64.  As discussed *supra*, the court-ordered deadline for motions to

27    compel was December 6, 2024. ECF No. 48.  Plaintiff's third motion to compel was filed more

28    than three months after that date.  ECF No. 57.

1    In his reply to defendants' opposition to the motion to compel, plaintiff maintains that he

2  submitted his requests for production in a timely manner; because defendants' responses were

3  allegedly incomplete, plaintiff waited to file a motion to compel "in hope that defendants would

4  fulfill their [discovery] obligations." ECF No. 65. "Pro se litigants, [however] must follow the

5  same rules of procedure that govern other litigants." *King,* 814 F.2d at 567. Here, plaintiff was

6  granted additional time to conduct discovery, and the parties were informed that "[a]ll motions to

7  compel must be filed by December 6, 2024." ECF No. 48. Plaintiff filed his second and third

8  motions to compel well after that date; indeed, they were both filed after the dispositive motions

9  deadline of January 3, 2025.[2] *Id.* At no point did plaintiff file a motion to extend the deadline,

10  nor has he offered a reason for his delay other than his purported hope that defendants would

11  somehow supplement their response if he waited. This does not demonstrate good cause for

12  plaintiff's delay in filing (*Johnson v. Mammoth Recreations*, *Inc.,* 975 F.2d 604, 609 (9th Cir.

13  1992); Fed. R. Civ. P. 16(b)), and thus plaintiff's third motion to compel must be denied as

14  untimely.

15    **III.    Order**

16    For the foregoing reasons, it is HEREBY ORDERED that plaintiff's motions to compel

17  (ECF Nos. 50, 57, and 63) are DENIED.

18

19  Dated: June 23, 2025

20  EDMUND F. BRENNAN
    UNITED STATES MAGISTRATE JUDGE

21

22

23

24

25

26

27

28
_____

[2] Defendants timely filed a motion for summary judgment on December 19, 2024. ECF No. 53.
That motion will be addressed by the court in a separate order.