UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RYAN INDIANA CURRY,<br>Plaintiff,<br>v.<br>T. ROLLAND, et al.,<br>Defendants. | No. 2:23-cv-00791-TLN-EFB<br><br>**ORDER** |

This matter is before the Court on Plaintiff Ryan Indiana Curry's ("Plaintiff") Motion for Reconsideration (ECF No. 77), Motion for Relief from Judgment (ECF No. 78), and Motion to Amend Judgment (ECF No. 79). Defendants did not respond to Plaintiff's motions. For the reasons set forth below, Plaintiff's motions are DENIED.

///

///

///

///

///

///

## I. Factual and Procedural Background

This is a civil rights action brought under 42 U.S.C. § 1983 in which Plaintiff, a state prisoner proceeding *pro se*, alleges Defendants violated his Eighth Amendment rights by improperly housing him in a COVID-19 ("COVID") isolation unit. (ECF No. 13.) Plaintiff alleges that Defendants placed him in a COVID isolation unit despite testing negative for COVID. (*Id*. at 4–5.) Plaintiff informed Defendants that he had tested negative for COVID and should be housed elsewhere, but Defendants did nothing in response. (*Id.* at 5.) As a result of this placement, Plaintiff contends that he contracted COVID and now must take medication due to aftereffects. (*Id*. at 4.) Plaintiff claims Defendants' conduct constitutes a failure to protect him from substantial risk of serious harm and deliberate indifference. (*Id.*)

Defendants moved for summary judgment. (ECF No. 53.) On August 7, 2025, the assigned magistrate judge issued findings and recommendations recommending Defendants' motion be granted. (ECF No. 69.) Plaintiff filed timely objections to the findings and recommendations on September 23, 2025, but his filing was not entered on the docket until September 29, 2025. (ECF No. 73.) On September 25, 2025, before Plaintiff's objections were docketed, the Court adopted the magistrate judge's findings and recommendations, granted Defendants' motion for summary judgment, and entered judgment in favor of Defendants. (ECF Nos. 71, 72.) The instant motions followed. (ECF Nos. 77–79).

## II. Standard of Law

Federal Rule of Civil Procedure ("Rule") 60(b) governs the reconsideration of final orders from the district court.[1] Rule 60(b) allows the court to relieve a party from a final judgment on basis of: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud, misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released or discharged; or (6) any other reason that justifies relief.

[1] Plaintiff brings his motion for relief from judgment (ECF No. 78) and motion to amend judgment (ECF No. 79) under Rules 59(e) and 60(b)(1) and does not cite a Rule for his motion for reconsideration (ECF No. 77). The Court may grant reconsideration under either rule. *Schroeder v. McDonald*, 55 F.3d 454, 458–59 (9th Cir. 1995). As Plaintiff filed his motions more than twenty-eight days after entry of judgment, Rule 60(b) governs all three motions. *Am. Ironworks & Erectors, Inc. v. N. Am. Const. Corp.*, 248 F.3d 892, 899 (9th Cir. 2001).

Fed. R. Civ. P. 60(b). Rule 60(b)(1) thus "grants the power to 'correct judgments . . . which have issued due to inadvertence or mistake." *Harvest v. Castro*, 531 F.3d 737, 746 (9th Cir. 2008) (quoting *Am. Trucking Ass'ns v. Frisco Transp. Co.*, 358 U.S. 133, 145 (1958)). A "mistake" includes a judge's errors of law. *Kemp v. United States*, 596 U.S. 528, 533–34 (2022).

A "motion for reconsideration should not granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or there is an intervening change in the controlling law," and it "may *not* be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation." *Marlyn Nutraceuticals, Inc., v. Mucos Pharma GmbH & Co*., 571 F.3d 873, 880 (9th Cir. 2009) (citation modified) (emphasis in original). Nor may a motion for reconsideration be used to relitigate arguments previously raised. *Backlund v. Barnhart*, 778 F.2d 1386, 1388 (9th Cir. 1985) (finding motion properly denied where "it presented no arguments that had not already been raised in opposition to summary judgment"); *see United States v. Navarro*, 972 F. Supp. 1296, 1299 (E.D. Cal. 1997), *rev'd on other grounds*, 160 F.3d 1254 (9th Cir. 1998) (noting "motions to reconsider are not vehicles permitting the unsuccessful party to 'rehash' arguments previously presented").

Additionally, Local Rule 230(j) requires a party filing a motion for reconsideration to set forth "what new or different facts or circumstances are claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion;" and "why the facts or circumstances were not shown at the time of the prior motion." E.D. Cal. L.R. 230(j)(3)–(4).

## III. ANALYSIS

As Plaintiff's three motions rely on the same bases for reconsideration, the Court considers them together. (*See* ECF No. 77 at 1–2; ECF No. 78 at 1–4; ECF No. 79 at 1–3.) Plaintiff argues the Court made a mistake in finding Plaintiff did not file objections to the findings and recommendations. (ECF No. 78 at 3.) Plaintiff avers that he did submit objections, but the institution where he is currently housed has experienced issues in handling inmate legal mail. (*Id.* at 3–4.) Plaintiff also argues the findings and recommendations erroneously state that a

physician ordered Plaintiff to be housed in a COVID isolation unit and contain other factual inaccuracies not supported by the record. (*Id.* at 2–3; ECF No. 79 at 1.)

The Court agrees with Plaintiff that it committed an error in stating that Petitioner did not file objections. The Court confirms for the record that Plaintiff filed timely objections to the findings and recommendations. Because the Court did not consider Plaintiff's objections at the time it issued its Order, the Court also erred in presuming the magistrate judge's findings of fact were correct. (ECF No. 71 at 1.) Accordingly, the Court has conducted a new review of the magistrate judge's findings and recommendations with consideration to Plaintiff's objections. The Court has also conducted a de novo review of the entire case in accordance with the provisions of 28 U.S.C. § 636(b)(1)(C) and Local Rule 304. Upon careful review, the Court nonetheless continues to find the magistrate judge's findings and recommendations to be supported by the record and by proper analysis.

The Court has further reviewed the record and disagrees with Plaintiff that reconsideration is warranted due to factual errors. (ECF No. 78 at 2–3; ECF No. 79 at 1.) Plaintiff points out the magistrate judge incorrectly states that Plaintiff's physician ordered him to be housed in a COVID-19 isolation unit. (ECF No. 78 at 2 (citing ECF No. 69 at 11).) While that may be so, the magistrate judge correctly notes elsewhere that Plaintiff's physician ordered him to "quarantine" rather than "isolation." (*See* ECF No. 69 at 7, 10.) And importantly, the magistrate judge's analysis did not hinge on this distinction. (*Id.* at 10–12.) Rather, the magistrate judge found Plaintiff failed to raise a genuine issue of material fact as to whether the treatment he received in isolation constituted unreasonable behavior and disregard of an excessive risk to his health and safety. (*Id.*) In reaching this conclusion, the magistrate judge considered the fact that his placement in isolation complied with the applicable California Correctional Health Care Services Interim Guidance and he was moved from isolation to quarantine after eight days. (*Id.*) The magistrate judge's occasional use of the wrong term for Plaintiff's placement in the findings and recommendations is insufficient grounds to warrant relief from judgment.[2]

---

[2] The Court also notes Plaintiff previously raised this argument (about his physician ordering him placed in quarantine rather than isolation) in his opposition to the motion for

Plaintiff does not specifically identify other factual errors in his motions, though his objections outline additional disagreements with the magistrate judge's findings of fact and legal analysis. (ECF No. 73 at 3–7.) In the interests of justice, the Court has reviewed Plaintiff's objections but finds none of his arguments present clear error such that it is appropriate to relieve Plaintiff from final judgment.

Accordingly, finding no basis under Rule 60(b) to reconsider its prior judgment, the Court DENIES Plaintiff's motions.

## IV. CONCLUSION

For the foregoing reasons, Plaintiff's motions for reconsideration (ECF No. 77), relief from judgment (ECF No. 78), and to amend the judgment (ECF No. 79) are DENIED.

IT IS SO ORDERED.

DATE: September 28, 2026

TROY L. NUNLEY
CHIEF UNITED STATES DISTRICT JUDGE

summary judgment. (ECF No. 56 at 1.)